UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAWSON INFRASTRUCTURE                     :
GROUP, INC., and LUNA SQUARES, LLC        :    Civil Action No. 1:24-cv-5379
                                          :
            Plaintiffs,                   :        **CONFIDENTIALITY**
                                          :        **STIPULATION AND ORDER**
        -against-                         :
                                          :
CLEANSPARK, INC., and CSRE PROPERTIES     :
SANDERSVILLE, LLC                         :
                                          :
            Defendants.                   :
-------------------------------------------------------------X

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action, and that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Stipulation and Order shall adhere to the following terms, upon pain of contempt:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, competitively sensitive or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action and any appeals thereto.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. If the parties seek Court intervention, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise  Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Each party or non-party may designate a document as Confidential Information for protection under this Stipulation and Order by placing or affixing the words "CONFIDENTIAL" to each page that contains protected material and on all copies in a manner

1

that will not interfere with the legibility of the document. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.     The requesting party and counsel, including in-house counsel;

    b.     Employees of such counsel assigned to and necessary to assist in the litigation;

    c.     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.     The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

    e.     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 5 hereof;

    f.     trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraph 5 hereof; and

    g.     any other person agreed to by the parties.

5.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.     Inform the person of the confidential nature of the information or documents;

    b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.     Require each such person to sign an agreement to be bound by this Stipulation and Order in the form attached as Exhibit A.

The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order. No party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

6.    Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

7. All depositions and other pretrial testimony shall be treated as Confidential Information until the designation of such testimony pursuant to section (i) and (ii) of this paragraph. Depositions and other pre-trial testimony may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony or (ii) by written Notice of Designation served to all parties of record no later than thirty (30) days after the transcript is delivered to any party or the witness. Counsel for the person being deposed shall, within thirty (30) days after the receiving the deposition transcript, designate those portions of the transcript which contain testimony containing Confidential Information, which shall be protected by the terms of this Order. The parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the procedures for filing under seal set forth in the Southern District of New York Local Rules and ECF Rules, and the Court's Individual Rules.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena; provided, however, that any party receiving such a request will provide written notice to the producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12. Any party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon

counsel for the receiving party a written notice specifying those additional limits and the particularized basis for them. If the receiving party objects to the additional limits, the producing party may raise the issue to this Court in accordance with applicable Individual and Local Rules. In the event the receiving party objects to additional limits requested by the producing party and the producing party raises the issue with this Court within 7 days of such objection, the additional limits shall be maintained and respected unless and until the Court orders otherwise.

13.    The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

14.    Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation and Order

15.    This Stipulation and Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: New York, New York
       January 16, 2026

FOX ROTHSCHILD LLP                              WILK AUSLANDER LLP

By: */s/ Isaac Hoenig*_____          By: */s/ James Alicea (with permission)*_
    Elizabeth C. Viele                              Jay S. Auslander
    Isaac Hoenig                                    Aari Itzkowitz
    101 Park Avenue, 17th Floor                     James R. Alicea
    New York, New York 10718                        825 Eighth Avenue, Suite 2900
    Tel.: 212-878-7963                              New York, New York 10019
    eviele@foxrothschild.com                        Tel.: 212-981-2316
    ihoenig@foxrothschild.com                       jauslander@wilkauslander.com
                                                    aitzkowitz@wilkauslander.com
*Attorneys for Plaintiffs Mawson Infrastructure*    jalicea@wilkauslander.com
*Group, Inc. and Luna Squares, LLC*
                                                    *Attorneys for Defendants CleanSpark, Inc.,*
                                                    *and CSRE Properties Sandersville, LLC*

4

SO ORDERED,   January 20  , 2026

Hon. Gabriel W. Gorenstein
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Mawson Infrastructure Group, Inc. et al v. CleanSpark Inc. et al,* 24-cv-5379, pending in the United States District Court for the Southern District of New York, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__

_____          _____
Name (printed)                                              Signature