![Wilk Auslander logo]

# MEMORANDUM ENDORSED.

Aari Itzkowitz
Partner
646-375-7660
aitzkowitz@wilkauslander.com

April 23, 2026

**VIA ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 519
New York, NY 10007

Re: _Mawson Infrastructure Group, Inc. et al. v. CleanSpark, Inc. et al.,_ Case No. 1:24-cv-5379-LTS-GWG

Hon. Judge Gorenstein:

We represent defendants CleanSpark, Inc. and CSRE Properties Sandersville, LLC (collectively, "Defendants") in the above-captioned matter. Pursuant to Rule 1.E of Your Honor's Individual Rules & Practices, we write to request that the Court extend certain deadlines contained in the current case scheduling order, which the Court so-ordered on October 23, 2025 (ECF No. 37) (the "Scheduling Order"). Plaintiffs Mawson Infrastructure Group, Inc. ("Mawson") and Luna Squares, LLC (collectively, "Plaintiffs") do not object to Defendants' request.

The parties have not previously requested an extension of any of the deadlines in the Scheduling Order.

The parties respectfully request that the Court extend the deadlines in the Scheduling Order as follows:

| Current Case Deadline | Proposed Amended Deadline |
|---|---|
| All non-expert discovery shall be commenced in time to be completed by May 25, 2026. | All non-expert discovery shall be commenced in time to be completed by August 25, 2026. |
| Expert disclosures as required by Rule 26(a)(2)(A), (B) or (C), including identities and reports of experts, if any, shall be made by June 15, 2026. | Expert disclosures as required by Rule 26(a)(2)(A), (B) or (C), including identities and reports of experts, if any, shall be made by September 15, 2026. |
| Any requests for admission shall be served by June 25, 2026. | Any requests for admission shall be served by September 25, 2026. |

825 Eighth Avenue  Suite 2900  New York, NY 10019
212.981.2300   |   Fax 212.752.6380                                         **wilkauslander.com**



Hon. Gabriel W. Gorenstein
April 23, 2026
Page 2

| The disclosure of expert evidence intended by a party solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party shall be made by July 6, 2026. | The disclosure of expert evidence intended by a party solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party shall be made by October 6, 2026. |
| --- | --- |
| Expert discovery shall be completed by August 14, 2026. | Expert discovery shall be completed by November 16, 2026. |
| On or before August 14, 2026, the parties shall file a letter to the Court indicating whether they plan to file a summary judgment motion. (It is not necessary to describe the basis for such a motion.) | On or before November 16, 2026, the parties shall file a letter to the Court indicating whether they plan to file a summary judgment motion. (It is not necessary to describe the basis for such a motion.) |

Good cause exists to grant the requested extension.

Most importantly, the parties have recently held preliminary and productive discussions concerning resolving the current dispute, but would greatly benefit from additional time to further these efforts before incurring the substantial expense of numerous upcoming depositions. This is particularly important here given that Mawson just recently made significant changes to its senior management and board of directors, who will need time to more fully familiarize themselves with this matter in connection with any resolution.

Good cause also exists to grant the requested extension for the following additional reasons:

First, at least two of Plaintiffs' former employees – Mawson's former CEO and its former General Counsel – are crucial witnesses, each of whom is believed to reside in Australia. Defendants only recently obtained their addresses, which are necessary to effect service abroad.[1] Accordingly, additional time is needed to subpoena these individuals for a deposition through the proper channels, which could potentially take months to complete.

Second, the parties only recently completed their document productions and Defendants require additional time to review the production and assess whether any third-party document discovery is necessary.

Third, apart from the above issues, there is insufficient time remaining in the discovery schedule to complete fact depositions. Plaintiffs intend to depose at least seven fact witnesses, and Defendants expect to depose at least eight fact witnesses. It would be extremely challenging to complete all of these depositions by May 25, 2026, the current fact discovery cutoff, even under ordinary circumstances, but Defendants' counsel also has numerous other depositions scheduled in other matters through at least the middle of May, as well as several other motions due during this same time.

We appreciate the Court's consideration of this request.

Respectfully submitted,

---

[1] Mawson's former CEO has stated that he will not appear for a deposition voluntarily, necessitating service in Australia. Defendants have not yet reached Mawson's former General Counsel.



Hon. Gabriel W. Gorenstein
April 23, 2026
Page 3

WILK AUSLANDER LLP


By: _____/s/ Aari Itzkowitz_____

Jay S. Auslander
Aari Itzkowitz
James R. Alicea
Worldwide Plaza
825 Eighth Avenue, Suite 2900
New York, NY 10019
Phone: (212) 981-2300
jauslander@wilkauslander.com
aitzkowitz@wilkauslander.com
jalicea@wilkauslander.com

*Attorneys for Defendants*


The proposed schedule is approved.

So Ordered.


_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

April 24, 2026